UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JAN 1 3 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JAMES DEVON POWELL, #19898-056,

    Petitioner,

v.                                       2:08CV569

PATRICIA R. STANSBERRY, WARDEN,

    Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

#### I. STATEMENT OF THE CASE

##### A. Background

Petitioner was convicted in the United States District Court for the Eastern District of North Carolina and is incarcerated at the Federal Correctional Institute in Petersburg, Virginia. Petitioner alleges that his federal sentence was "exorbitantly increased" due to his two prior state convictions in Nash County District Court of North Carolina, and he seeks to have his federal sentence vacated.

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which a "prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)

(citations omitted). By contrast, a motion made pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack of a federal sentence. Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). Therefore, § 2255 is a federal prisoner's exclusive remedy for collaterally attacking the imposition of his sentence, unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("when § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241"). Petitioner bears the burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy. Pack, 218 F.3d at 452.

Petitioner challenges his federal conviction, claiming that his sentence was enhanced due to two prior state convictions, which he claims are invalid. Such a claim is not a cognizable claim under § 2241. If assertable at all, petitioner's claim could only be filed in the sentencing court as a motion to vacate sentence under § 2255. See Daniels v. United States, 532 U.S. 374 (2001). However, the Court may rule on petitioner's habeas petition as presented. United States v. Emmanuel, 288 F.3d 644, 649-50 (4th Cir. 2002). Since it is clear that petitioner is challenging his conviction and since he has failed to show that § 2255 is inadequate to challenge his sentence, his claims should be presented as a motion pursuant to § 2255. Accordingly, the petition, filed pursuant to § 2241, should be DISMISSED, without prejudice to petitioner's right to file a § 2255 motion in the sentencing court.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____  
James E. Bradberry  
United States Magistrate Judge

Norfolk, Virginia

January 13, 2009

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

    James Devon Powell, #19898-056
    FCI Petersburg
    P.O. Box 90043
    Petersburg, VA 23804

                        Fernando Galindo, Clerk

                        By _____
                                 Deputy Clerk

                        _____January 13_____, 2009